**UNITED STATES of America**

v.

**Richard Edward HENKEL.**

**Crim. No. 74–68.**

United States District Court, W. D. Pennsylvania.

July 12, 1982.

J. Alan Johnson, U. S. Atty., Judith Giltenboth, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Thomas White, Asst. Public Defender, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

WEBER, Chief Judge.

By this action, the United States Attorney seeks to revoke the probation of Richard Henkel. The violations alleged in this action are the possession of firearms and the failure to report income on probationer's 1979 Federal Income Tax Return. Both matters may result in federal indictments, raising serious questions about the propriety of proceeding with the revocation hearing at this time.

The Court of Appeals has recently announced a policy rule for the proper handling of probation revocation hearings in this Circuit. In *United States v. Bazzano*, No. 81–1936, slip opinion at 16 (3d Cir. July 6, 1982), the Court concluded that, because of the possible prejudice to the probationer presented when a probation revocation hearing precedes criminal prosecution of the same matters, "probation revocation proceedings should await the completion of the criminal trial resolving the substantive charges giving rise to the revocation proceeding." *See also*, ABA Standards Relating to Probation § 5.3 (Approved Draft 1970).

The United States Attorney seeks to draw a distinction between the present case and that in *Bazzano* because the latter involved pending state criminal charges on the same substantive violations, while currently no criminal charges, state or federal, arising from the violations alleged in the revocation proceeding have been formally lodged against Henkel. However, Henkel faces the very real possibility of federal indictment on the same substantive violations alleged herein, and consequently the need for protection from the prejudice described in *Bazzano* is just as great as if charges had actually been filed.

Whether the criminal charges are state or federal, whether formally filed or imminent, the probationer at a prior revocation hearing on the same substantive violation faces a dilemma with regard to his Fifth Amendment Rights. To testify in opposition to the revocation may be to compromise his privilege against self-incrimination and contribute to the prosecution of similar criminal charges. To remain silent may well be to concede the violation and the resulting sentence. *Bazzano*, slip op. at 13; *People v. Coleman*, 13 Cal.3d 867, 120 Cal. Rptr. 384, 533 P.2d 1024 (1975). *See also*, ABA Standards, supra.

Because Henkel faces the same difficulties in this proceeding which underlie the policy espoused in *Bazzano*, we consider it appropriate to stay this probation revocation proceeding until disposition of any criminal charges arising from the substantive violations alleged herein. This will remove any possible prejudice to the probationer without jeopardizing the United States Attorney's case for revocation. On this latter point we note that the Court in *Bazzano* also held that the district court has jurisdiction to effect a revocation provided the case is commenced within the five year time limit set by 18 U.S.C. § 3651. Therefore a stay will not affect the power of this court to order revocation.[1]

Furthermore, hearings on the alleged probation violations would in large part be duplicative of any future criminal trial on these matters. Considering this duplication and the lengthy and complex defense envisioned by counsel, it is also advisable as a matter of judicial economy to await disposition of the criminal charges.

The court may proceed with the probation revocation proceedings prior to disposi-

---

1. We make no decision at this time on probationer's contention that his term of probation expired prior to the filing of the Petition to Revoke Probation. We only note that the stay can have no effect on the court's jurisdiction over the matter.

340

tion of the criminal charges if the government demonstrates a compelling contrary need. *Bazzano*, slip op. at 16. We are satisfied that the government has made no such showing here. However should circumstances change, the United States Attorney is free to make motion to the court to proceed with these hearings.

For the foregoing reasons the probation revocation proceedings are stayed until further Order of Court.